United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SANTA RITA JAIL, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-14-1468 EMC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; (2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS; AND (3) DENYING PLAINTIFF'S "MOTION TO RE-ENTER CLAIM"**<br><br>**(Docket Nos. 14-15, 19)** |

Currently pending before the Court is (1) Defendants' motion to dismiss the complaint, *see* Docket No. 15; (2) Plaintiff's motion to amend his complaint to allege cruel and unusual punishment, *see* Docket No. 19; and (3) Plaintiff's "motion to re-enter claim," *see* Docket No. 14. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for August 14, 2014. Having reviewed the papers, the Court **GRANTS** Plaintiff's motion to amend the complaint; **DENIES** Defendants' pending motion to dismiss as moot; and **DENIES** Plaintiff's motion to re-enter claim.

A.   Legal Standard

Under Rule 15, a plaintiff may amend his complaint as a matter of course within 21 days after the service of a motion to dismiss under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(B). Otherwise, leave to amend is within the discretion of the district court. *See United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Rule 15's purpose of facilitating "decision on the merits" should

guide the court in the exercise of its discretion. *Id.* As a result, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (citation omitted).

B.      Leave to Amend

In this case, Defendants filed their motion to dismiss under Rule 12(b) and Rule 12(e) on June 19, 2014. *See* Docket No. 15. Plaintiff filed his motion to amend 18 days later on July 7, 2014. *See* Docket No. 19. Defendants Santa Rita Jail and Alameda Country argue that Plaintiff has waived his right to amend and that amendment should be disallowed as futile or subject to dismissal. Defendants contend that amendment would be futile, because Plaintiff does not state that he was a prisoner who was tried and convicted and therefore cannot state a claim under the Eighth Amendment. *See* Docket No. 22, ¶. 3-4.

In general, "[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." *See Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998). The protections of the due process clause are broader than those of the Eighth Amendment, but encompass and are guided by standards governing prisoners' Eighth Amendment rights, including rights regarding medical care. *See Carnell v. Grimm,* 74 F.3d 977, 979 (9th Cir. 1996) (observing that "the eighth amendment guarantees provide a *minimum standard of care* for determining a prisoner's rights as a pretrial detainee") (citation omitted; emphasis in original).

In the case at bar, it does not appear futile for Mr. Davis to state a claim under the Fourteenth Amendment that relies on standards of cruel and unusual punishment under the Eighth Amendment. *See Carnell,* 74 F.3d at 979. Thus, allowing Mr. Davis to amend would serve Rule 15's purpose of facilitating decision on the merits. Mr. Davis's request for leave to amend his complaint is **GRANTED.** In light of Mr. Davis's intent to file a superseding amended complaint, Defendants' motion to dismiss the complaint is **DENIED** as moot.

C.      Compliance with Rules

Defendants have also objected to Plaintiff's failure to present a complete amended pleading per local rules. *See* Civ. L. R. 10-1. In light of Defendants' concerns regarding form, Plaintiff is ordered to file an amended complaint, *i.e.,* not just an amendment, by **August 27, 2014**. Plaintiff is

reminded to follow the Federal Rules of Civil Procedure and to observe local court rules in his filings.[1]  Mr. Davis is encouraged to contact the Legal Help Center at (415) 782-8982 for advice.

D.      Re-Entry of Claim Form

Plaintiff has separately filed a motion seeking to re-enter his claim presentation form in an amount higher than the amount he previously submitted on his claim presentation form.  As an initial matter, such forms address claim presentation requirements under the California Tort Claims Act.  The Ninth Circuit and the California Supreme Court have held that these presentation requirements do not apply to federal civil rights actions arising under 42 U.S.C. § 1983.  *See May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980) (citing *Williams v. Horvath,* 16 Cal. 3d 834, 842, 548 P.2d 1125, 1130 (1976)).  As Mr. Davis's complaint stands, the only cause of action alleged is under Section 1983.  Thus, it is not clear that the claim presentation form will be applicable to this case.  Moreover, if Mr. Davis intends to allege state tort claims, the proper recipient of the claim form is identified on the form and the claim form need not be entered by the Court.  As a result, the Court has no jurisdiction over Mr. Davis's claim form, and Mr. Davis's motion to re-enter his claim is **DENIED.**

The Case Management Conference scheduled for August 14, 2014 is **CONTINUED** to October 16, 2014, at 9:30 a.m.  The parties shall file a Joint CMC Statement by October 9, 2014.

This order disposes of Docket Nos. 14, 15, and 19.

IT IS SO ORDERED.

Dated: August 6, 2014

_____
EDWARD M. CHEN
United States District Judge

---

[1] Such rules can be reviewed online at http://www.cand.uscourts.gov/rules.