UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA RITA JAIL, et al.,<br><br>    Defendants. | Case No. 14-cv-01468-EMC   (MEJ)<br><br>**REPORT AND RECOMMENDATION RE: MOTION TO WITHDRAW SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 75 |
| MICHAEL C. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO JAIL, et al.,<br><br>    Defendants. | Case No. 14-cv-03063-EMC   (MEJ) |

## INTRODUCTION

In the above-captioned actions, Plaintiff Michael C. Davis ("Plaintiff") brought claims against Defendants the City and County of San Francisco (the "City"), Alameda County, and Santa Rita Jail ("Santa Rita") pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights for denial of medical care. *See* Third Am. Compl., Dkt. No. 48, *Davis v. Santa Rita Jail et al.*, Case No. 14-01468-EMC (MEJ) (N.D. Cal., filed Mar. 31, 2014) ("Lead Case") and *Davis v. San Francisco Jail et al.*, Case No. 14-3063-EMC (MEJ) (N.D. Cal., filed July 7, 2014). On November 13, 2015, the parties and their respective counsel appeared before the undersigned for a settlement conference, at which time they reached a settlement and placed it on the record. 11/13/2015 Min. Order, Dkt. No. 74[1]; *see also* Tr. of Nov. 13, 2015 proceedings, Dkt.

---

[1] The docket numbers referenced in this Order refer to the entries in the Lead Case.

No. 82. Pursuant to the parties' agreement, the City agreed to pay Plaintiff $1,000 and Santa Rita agreed to pay $7,500. Tr. at 3. The Settlement Agreements were "signed in Court" with the funds to be distributed directly to Plaintiff, not his counsel of record. 11/13/2015 Min. Order.

On November 27, 2015, Plaintiff filed the present motion to withdraw the settlement agreement, claiming he was "co[erc]ed, lied [to], and railroaded into signing a settlement." Mot. at 2, Dkt. No. 75. He indicates he agreed to the settlement because his attorney at the time, John Stringer, urged him to settle so he would not "lose the case." *Id.* at 1. Mr. Stringer had filed a motion to withdraw as Plaintiff's lawyer the day before the settlement conference, explaining the attorney-client relationship had "broken-down to the point that effective communication [wa]s not possible" and noting that Plaintiff "refuse[d] to cooperate . . . in preparing discovery requests[.]" Mot. to Withdraw as Counsel at 1, Dkt. No. 73. According to Plaintiff's motion to withdraw the settlement, Mr. Stringer warned Plaintiff he could lose the case because "discovery wasn't filed." Mot. at 1. Defendants filed a joint response opposing Plaintiff's Motion, asserting "Plaintiff signed a valid settlement agreement of his own accord and therefore entered into a binding contract" that the Court should enforce. Jt. Opp'n at 2, Dkt. No. 81. The Honorable Edward M. Chen, the presiding judge in this matter, granted Plaintiff's counsel's motion to withdraw as his attorney and referred Plaintiff's motion to withdraw the settlement agreement to the undersigned. Dkt. No. 83. Plaintiff subsequently filed a Reply. Dkt. No. 85.

The undersigned finds this matter suitable for disposition without oral argument and **VACATES** the January 21, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having carefully considered the parties' positions, relevant legal authority, and the record in this case, the undersigned issues this **REPORT**, which **RECOMMENDS** the Court **DENY** Plaintiff's Motion to Withdraw the Settlement Agreement.

## LEGAL STANDARD

Courts have "the inherent power summarily to enforce a settlement agreement involving an action pending before it." *Brionez v. U.S. Dep't of Agric.*, 2007 WL 217680, at *2 (N.D. Cal. Jan. 26, 2007) (citing *In re Suchy*, 786 F.2d 900, 902-903 (9th Cir. 1985)); *cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (district court did not have inherent power to

1  enforce settlement agreement after dismissal order had been entered that did not retain jurisdiction
2  over the settlement agreement). "A settlement agreement in a pending action may be enforced if
3  two requirements are met: (1) both parties must have agreed to the terms of the settlement or
4  authorized their respective counsel to settle the dispute, and (2) it must be a complete agreement."
5  *Page v. Horel*, 2011 WL 5117562, at *4 (N.D. Cal. Oct. 28, 2011) (Chen, J.) (citing *Callie v.
6  Near*, 829 F.2d 888, 890-91 (9th Cir. 1987); *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144-45
7  (9th Cir. 1977)).

8        Even where the underlying claims are federal, "the construction and enforcement of
9  settlement agreements are governed by principles of local law which apply to interpretation of
10 contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856
11 (9th Cir. 1992) (quoting *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)). Under California
12 law, a proposal constitutes a complete agreement if it is "sufficiently definite" so that the promised
13 performance is "reasonably certain." *Barefield v. Darden Restaurants Inc.*, 2015 WL 4451813, at
14 *2 (N.D. Cal. July 20, 2015) (quoting *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811
15 (1998)). Additionally, "[i]n California, the objective intent of the parties determines a contract's
16 meaning." *Aki v. Univ. of Cal. Lawrence Berkeley Nat'l Lab.*, 2015 WL 1778481, at *3 (N.D. Cal.
17 Apr. 17, 2015) (citing *United Commercial*, 962 F.2d at 856 (intent is "manifested in the agreement
18 and by surrounding conduct—rather than the subjective beliefs of the parties." (citations
19 omitted))). Consequently, "the true intent of a party is irrelevant if it is unexpressed." *Id.*
20 (citations omitted).

## DISCUSSION

22       The settlement agreement in this action meets the requirements for an enforceable
23 settlement. First, there is no claim that the settlement agreement was incomplete, and the terms of
24 the agreement were and remain sufficiently definite. Specifically, Plaintiff agreed to settle his
25 case in exchange for the City's agreement to pay Plaintiff $1,000 and Santa Rita's agreement to
26 pay Plaintiff $7,500. Tr. at 3. The entirety of those funds was to be paid to Plaintiff, not his
27 counsel. 11/13/2015 Min. Order; Tr. at 4 ("Mr. Stringer: . . . . I also want to note for the record
28 I'm also waiving all costs on this . . . the check should go directly to Mr. Davis."). Plaintiff does

3

not assert or provide any evidence that the agreement was incomplete.

Second, although Plaintiff and his counsel may have had some disagreements prior to the settlement conference, Plaintiff himself agreed to the settlement terms—not his counsel. Plaintiff's objective actions and conduct reflect his agreement to the terms of the settlement. As Defendants point out, "Plaintiff did not express at any point that he was unclear about the terms of the settlement or that he was entering into the settlement agreement due to anything other than his own free will." Opp'n at 3. Further, Plaintiff verbally affirmed his assent to the settlement agreement and its terms on the record. *Id.*; *see* Tr. at 3. There was nothing about Plaintiff's objective conduct to indicate any lack of intent to form the settlement agreement.

Based on these factors, Plaintiff has no basis to seek withdrawal of the settlement; however, Plaintiff also asserts he was coerced and lied to in accepting the settlement agreement. Plaintiff's basis for these arguments appears to be primarily due to the presence of Mr. Stringer at the settlement conference. Specifically, Plaintiff contends his lawyer told him he "better take an offer" and if he did not, he would "lose the case because [] discovery wasn't filed." Mot. at 1. Defendants point out that "[t]he parties in this case have had a longstanding discovery dispute[,]" and they "have not received adequate responses to their discovery requests from Plaintiff" despite the fact that those requests were sent out long ago. Opp'n at 4. They posit that "Plaintiff's counsel was not misrepresenting or threatening Plaintiff but was merely providing Plaintiff with legal counsel as the case could not proceed without adequate discovery responses from Plaintiff." *Id.* Mr. Stringer's motion to withdraw as counsel indeed indicates that Plaintiff "refuse[d] to cooperate . . . in preparing discovery requests[.]" Mot. to Withdraw as Counsel at 1.

Plaintiff has raised no facts to support he was coerced into accepting the settlement agreement or that his lawyer or anyone else made misrepresentations to him such that he was improperly or unlawfully induced into agreeing to settle. Rather, the record reveals Plaintiff agreed to the settlement in a manner that was voluntary, deliberate, and informed. *See Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981) ("A release of claims under section 1983 is valid only if it results from a decision that is voluntary, deliberate, and informed.").

As a final note, in his Reply, Plaintiff raises new arguments, asserting the "settlement

4

agreement is no good anyway, you have the 30 day rule, plus it's not completed, Mr. Stringer didn't sign it." Reply at 2. Plaintiff does not explain what he means by the "30 day rule" but the undersigned is unaware of and has not discovered any such deadline or timing requirement that would make this settlement agreement void or voidable. Further, the fact that Mr. Stringer did not sign the agreement is inconsequential. The agreement to settle in this case is between Plaintiff and the Defendants, and in any case, Mr. Stringer's statement waiving his fees and costs on the record before the Court is binding. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002) (oral settlement agreement binding when verbally agreed to on the record before court with material terms made explicit).

In sum, Plaintiff has put forward no grounds for finding the settlement agreement improper or unlawful in this case, and accordingly, Plaintiff's motion should be denied.

## CONCLUSION

Based on the foregoing analysis, the undersigned **RECOMMENDS** the Court **DENY** Plaintiff's Motion to Withdraw the Settlement Agreement.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED.**

Dated: January 15, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge